SAMUEL D. FLAGG *vs.* SCHOOL DISTRICT No. 70, BARNES COUNTY.

Opinion filed October 28th, 1895.

### Action on School Bonds—Evidence of Want of Consideration.

Under the decision of the court on the former appeal in this case (58 N. W. 499, 4 N. D. 30,) it was held that the defendant could show a want of consideration for the bonds sued on by proving that defendant received neither cash nor audited and canceled warrants as a conderation for them. For error in refusing to allow such proof the judgment is reversed.

Appeal from District Court, Stutsman County; *Rose,* J.

Action by Samuel D. Flagg against school district No. 70, Barnes County. Judgment for plaintiff, and defendant appeals. Reversed.

*G. K. Andrus,* for appellant.
*Ball & Watson,* for respondent.

CORLISS, J. When this case was before us on the former

appeal (4 N. D. 30, 58 N. W. 499) we held 'that the bonds in question were not negotiable instruments, and that, therefore, the defendant could make, as against the plaintiff, the same defense of want of consideration that it could have made against the original payee had the bonds never been transferred. We also held that such want of consideration could be shown by proving that the bonds were not sold either for cash or for warrants or claims actually audited and surrendered. The defendant had no right to issue them for any other consideration. That no warrants or claims were ever audited and surrendered we held could not be shown as against the recitals in the certificate on the bonds to affect the power of the defendant to issue such bonds. The question of power we regarded as no longer open to inquiry. But we distinctly held that if, as a matter of fact, these bonds were not sold, either for cash or for warrants actually audited and canceled, they were without consideration and void. On the trial the defendant offered to prove that neither money nor audited and canceled warrants or claims furnished the consideration for the sale of these bonds; that in fact no warrants were audited before or at the time they were delivered, and that all the defendant had ever received for them was a promise to deliver up certain warrants to the defendant, and that this promise had never been fulfilled. It is not pretended that cash was paid for these bonds. If no warrants were ever in fact audited, then no consideration growing out of the surrender of such warrants could possibly exist. But the offer of the defendant went still further, and included proof of the fact that no warrants of any kind were received by the defendant in exchange for these bonds, but only a naked unfulfilled promise to surrender such warrants. The error of the trial court was undoubtedly caused by a misunderstanding of our decision on the former appeal. What we intended to hold—and we think that the opinion in the case shows this—was that the fact that warrants had not been audited and surrendered could not be shown to establish a want of power to issue the bonds, but could be proved as bearing on the question

whether in fact the bonds were issued in exchange for warrants which had been audited and canceled, for the purpose of establishing a want of consideration for their issue. The defendant should have been allowed to prove these facts, and for the error of the court in excluding the evidence the judgment is reversed, and a new trial is ordered.   All concur.

WALLIN, C. J. (concurring.)   In some respects I concur in the views· of a majority of the court as expressed in the foregoing opinion, but I desire to add a few words as explanatory of my individual views. The statute under which the bond in question purports to have been issued contemplates that creditors holding outstanding orders or claims must surrender them to the district, and that the officials shall cancel the same before any bond can be registered or certified by the county clerk. The surrender and cancellation is as clearly a condition precedent to registering and certifying the bonds as is the vote of the people of the district. This matter of the surrender and cancellation of the outstanding orders is made very emphatic in the statute.   Section 5 declares that "no bonds shall be issued until the claims for which they are issued shall be delivered up and canceled." With respect to indorsing and registering the bonds, section 6 provides that the county clerk, before doing either, must make an investigation of certain records, and must be "satisfied therefrom that such bonds are authorized to be issued as provided for in this act, and the claims for which they are issued are delivered up and canceled."   This court held unanimously in its former opinion—and such is undoubtedly the law—that the certificate operates as an estoppel as fully as it would do if it were indorsed upon a negotiable instrument, and therefore this certificate must be held to be as broad as the facts which are to be investigated by the certifying officer; and among such facts, as has been shown, is the fact that the bond on which the certificate is indorsed was issued after some creditor had surrendered his claims against the district, and such claims had been

N. D. R.—13

canceled by the district. In my opinion, the fact of such surren-
der and cancellation cannot be reopened. It seems very clear
that the statute does not contemplate that a claim holder who
has surrendered his claims to be audited and canceled, and whose
claims have been audited and canceled prior to the indorsement
and registration of the bonds, can be called upon to retake pos-
session of such canceled claims, and again pass them over to the
district officers as a new and second consideration for the very
bond voted to fund and take up his previously surrendered and
canceled claims against the district. I cannot myself understand
the necessity for such an absurd proceeding, nor do I see how it
could be lawfully carried out in fact; and, if it could, I cannot see
that any financial advantage would result to the district by its
successful accomplishment. A majority of the court held in the
former opinion that such surrendered and audited orders or
claims would, under the statute, constitute a valid consideration
for any bond issued to take up the same. For my part, I adhere
to that view, for reasons very clearly set forth in the opinion
formulated by my Brother BARTHOLOMEW in the former opinion,
but I am also quite clear that the original surrender of the claims
and their cancellation constitute the only delivery of orders or
claims to the district which is necessary to be had or done, and
no other or further consideration need be shown. I think, too,
that the certificate estops the district from showing (as against the
plaintiff, who bought the bonds in good faith and for cash) that
no claims were in fact ever surrendered, audited, or canceled by
any one. To so construe the certificate would, in my opinion,
defeat its purpose entirely, and reopen all the questions covered
by the certificate. But it must be kept in mind that the bond is
to be executed, indorsed, and registered before it can be nego-
tiated, and put afloat by the district. After a lawful bond has
been signed, registered, and indorsed, their remains to be done
the final act of negotiating the bond, which, of course, includes
the vital act of delivery. It is at least supposable that a bond
issued, registered, and indorsed as the statute directs may have

been wrongfully and illegally delivered. In this case no claim is made that the bond in question was sold by the district for cash, but the statute provided that bonds might be sold for cash or issued to any person whose claims had been surrendered and canceled. Now, to defeat the *prima facie* case made by the plaintiff, I think any evidence tending to show that the bond in question was in fact delivered to some person who neither paid cash nor surrendered claims to the district was entirely competent, and to exclude such evidence when offered by the district was prejudicial error. The door should be thrown open for the admission of any such evidence, but I am clear that the district is estopped from showing that no claims were ever surrendered to the district or canceled by any person. That question is, in my judgment, foreclosed by the certificate.

(65 N. W. Rep. 674.)